UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SECRETARY OF LABOR,
Plaintiff,

Case No. 1:17-cv-272
Litkovitz, M.J.

vs.

MONROE TRADES CORP., et al,
Defendants.

**ORDER**

This matter is before the Court on plaintiff's motion for default judgment against corporate defendants Monroe Trades Corp., Mason Trades Corp., and Dayton Trades Corp. (collectively "corporate defendants") (Doc. 41).

**I. Background**

Corporate defendants and individual defendant Mohammed M. Bassini were initially represented by counsel in this matter. On April 22, 2019, after a hearing, the Court granted defendants' previous attorneys' motion to withdraw as counsel, granted the corporate defendants an additional 30 days to secure new counsel, and ordered defendant Bassini to notify the Court in writing by May 22, 2019 whether he would proceed through counsel or pro se. (Doc. 35 at 5).

On June 6, 2019, the Court subsequently ordered the corporate defendants to show cause why, within fifteen days, why an entry of default pursuant to Rule 55 of the Federal Rules of Civil Procedure should not be entered against them. (Doc. 36). In that Order, the Court noted that the corporate defendants may not represent themselves in this proceeding and counsel had not entered an appearance on their behalf. (*Id.* at 1-2). The Court also noted that default judgment has been found to be appropriate when a corporate defendant has failed to obtain, and appear through, counsel. (*Id.* at 2). On July 1, 2019, after the corporate defendants failed to respond to the June 6, 2019 show cause order, the Court directed the Clerk to enter default against the corporate defendants pursuant to Fed. R. Civ. P. 55(a). (Doc. 37 at 2). The Clerk

entered default against all defendants on July 1, 2019. (Doc. 38). The Court also ordered plaintiff to file a motion for default judgment against the corporate defendants within 30 days. (Doc. 37 at 2). On July 30, 2019, plaintiff filed its motion for default judgment against the corporate defendants. (Doc. 41).

## II. Motion for Default Judgment

Plaintiff moves for default judgment against the corporate defendants pursuant to Fed. R. Civ. P. 55(b)(2). (Doc. 41). Plaintiff moves to enter a judgment against these defendants permanently enjoining them from violating the provisions of sections 6, 7, 11, and 15 of the Fair Labor Standards Act of 1938 (FLSA), as amended, 29 U.S.C. § 201 et seq. (*Id.* at 1-2). Plaintiff also moves to enter a judgment against these defendants in the amount of $25,353.88, representing unpaid minimum wage compensation, overtime compensation, and liquidated damages due to their employees for the period of September 8, 2013 to September 7, 2015. (*Id.* at 2). In support of its motion, plaintiff provides the Declaration of Javier Iriart, Assistant District Director with the United States Department of Labor, Wage and Hour Division, who conducted an investigation to determine whether the entities were in compliance with FLSA. (Doc. 41-1). Mr. Iriart represents that the investigation revealed that Monroe Trades Corp., Mason Trades Corp., and Dayton Trades Corp. failed to comply with the FLSA. (*See id.*).

Federal Rule of Civil Procedure 55 governs default judgment. Under Fed. R. Civ. P. 55(b)(2), a court may enter default judgment against a party whose default has been entered by the Clerk under Rule 55(a). Following the Clerk's entry of default and the plaintiff's motion for default judgment, the Court must still consider whether a default judgment is proper. The Sixth Circuit has stated that when default judgment is sought only against some defendants in a case involving multiple defendants, "the preferred practice is for the court to withhold granting a

2

default judgment until the trial of the action on the merits against the remaining defendants. If plaintiff loses on the merits, the complaint should then be dismissed against both defaulting and non-defaulting defendants." *Kimberly v. Coastline Coal Corp.*, 857 F.2d 1474, 1988 WL 93305, at *3 (6th Cir. 1988). *See also Charvat v. DFS Servs. LLC*, 781 F. Supp. 2d 588, 591 (S.D. Ohio 2011); *Charnock v. Anderson*, No. 2:14-cv-472, 2015 WL 12683414, at *1 (S.D. Ohio July 1, 2015); *ArmorSource LLC v. Kapah*, No. 2:18-cv-905, 2019 WL 1039748, at * 2 (S.D. Ohio Mar. 5, 2019).

In this case, the Court must consider the motion for default judgment against the corporate defendants while plaintiff's claims against co-defendant Mohammed Bassini are pending. Because all defendants are alleged to be jointly and severally liable for each of plaintiff's FLSA claims, entry of default judgment against the corporate defendants is premature at this time. Entry of default judgment would create a risk of inconsistent judgments as Mr. Bassini still has the opportunity to defend himself against these claims. *ArmorSource* LLC, 2019 WL 1039748, at * 2. The Court determines that the proper course of action is to keep the entry of default against the corporate defendants in place, but to delay judgment against the corporate defendants until the claims against Mr. Bassini have been resolved. Accordingly, plaintiff's motion for default judgment against the corporate defendants (Doc. 41) **is DENIED WITHOUT PREJUDICE** subject to refiling following the resolution of the claims against Mr. Bassini.

**IT IS SO ORDERED.**

Date: 11/5/19

Karen L. Litkovitz
United States Magistrate Judge